IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SEIU TEXAS, § | |
| § | |
| Plaintiff, § | Civil Action No. 3:25-cv-00400-KC |
| § | |
| vs. § | |
| § | |
| § | |
| TENET HEALTHCARE CORPORATION § | |
| d/b/a THE HOSPITALS OF § | |
| PROVIDENCE § | |
| § | |
| Defendant. § | |

### DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
### AND BRIEF IN SUPPORT THEREOF

Defendant Tenet Hospitals Limited d/b/a The Hospitals of Providence Sierra Campus ("Tenet" or "Hospital")[1] hereby submits this Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss and Brief in Support Thereof ("Motion") requesting dismissal *with prejudice* of all claims and relief sought by Plaintiff SEIU Texas ("Union") in this action.

The Union seeks to compel arbitration on behalf of employees it does not represent at the Hospital. Doing so, the Union seeks through this tribunal an unlawful expansion of the bargaining unit. Accordingly, Tenet respectfully asks the Court to deny the Union's demands and dismiss its claims *with prejudice*.

### I.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all well pleaded facts. *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 417 (5th Cir. 2010). To survive a motion to dismiss, the Union's Complaint "must provide the grounds for [its]

---

[1] "Tenet Healthcare Corporation d/b/a The Hospitals of Providence" is not the appropriate defendant in this action. Tenet expressly agrees to substitution of the appropriate legal entity in this case: "Tenet Hospitals Limited d/b/a The Hospitals of Providence Sierra Campus."

entitlement to relief–including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Rosenblatt*, 607 F.3d at 417 (quotations omitted). In other words, the Union must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555 (2007)). This, the Union has failed to do.

## II.     ARGUMENT AND AUTHORITIES

The Union demands arbitration over whether the Hospital owes ratification bonuses to certain employees in certain job classifications at the Hospital. (DKT. 1, Prayer for Relief). In the Complaint, however, the Union conspicuously omits allegations that it, in fact, represents the employees for which it demands arbitration. (*See generally*, DKT. 1).

Attached hereto as Exhibit A is a true and correct copy of the recognition clause contained in the parties' collective bargaining agreement.[2] As set forth therein, the recognition clause reads:

> All full-time and regular part-time (including per diem employees who worked a minimum of 120 hours in either of the two 12-week periods preceding the election) Service & Maintenance, Skilled Maintenance, and Technical employees, <u>employed by the Employer at 1625 Medical Center Drive in El Paso, Texas</u>, in the following job classifications: Anesthesia Tech, Biomed Tech, Charge Management Coordinator, Centralized Scheduling Clerk, CT Tech, CV Tech, PCU Department Secretary, Distribution Tech, ECHO Technologist, EEG Tech, EKG Tech, Endoscopy Tech, Equipment Tech, Histology Technologist, Instrument Tech, Laboratory Assistant, Linen Attendant, LPTA, Maintenance Mechanic, Medical Lab Tech, Monitor Tech, MRI Technologist, Nuclear Medicine Technologist, Nursing Assistant, OR Supply Clerk, Orthopedic Tech, Outpatient Lab Coordinator, Outpatient Tech, Patient Care Tech, Pharmacy Tech, Procedural Scheduler, Procedural Scheduling Coordinator, Procedural Scheduling Lead, PT/OT Rehab Tech, Pulmonary Tech, Radiologic Technologist, Respiratory Practitioner, Stress Tech, Certified Surgical Tech, Surgical Coordinator, Surgical Tech, Transport/Courier, Ultrasound Technologist, Unit Secretary, Lead CT Tech,

---

[2] The Complaint repeatedly refers to the parties' collective bargaining agreement, which is central to the Union's claim to compel arbitration. *See* (DKT. 1, ¶¶ 3, 5-7, 9). Accordingly, the Court can consider the recognition clause contained therein as part of the Hospital's Motion. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (A court may consider documents attached to a motion to dismiss if the documents "are referred to in the plaintiff's complaint and are central to the [plaintiff's] claims.").

>Lead Ultrasound Tech, Certified Sterile Processing Tech, Advanced Radiology Tech, Lead MRI Tech, Lead Radiology Tech, Respiratory Therapist, and Special Procedure Tech.

*See* Exhibit A (underline supplied). As such, for the Union to state a cognizable claim to compel arbitration in this case, it must allege: (a) that it represents the employees upon which it has filed the Complaint; and (b) that the employees are entitled to the relief the Union seeks on their behalf. The Union has failed to do so as the Complaint is devoid of allegations that:

1. All employees for which the Union demands arbitration are employed by the Hospital at 1625 Medical Center Drive in El Paso, Texas; and
2. All employees for which the Union demands arbitration are employed in job classifications contained in the recognition clause.

Without the same, the Union has failed to plausibly plead that it (a) has standing to demand the relief it seeks in this action and (b) that the relief it seeks is lawful. Indeed, it is a violation of Section 8(b)(1)(A) and 8(b)(3) of the National Labor Relations Act ("NLRA") for a union to seek arbitration for the purposes of enlarging an existing bargaining unit contained in a collective bargaining agreement. *Emery Worldwide*, *A.C.F. Co. v. N.L.R.B.*, 966 F.2d 1003, 1007 (5th Cir. 1992)("[T]he Union's use of the arbitration process [to merge/expand bargaining units] constitute[d] an illegal objective and thus violate[d] Sections 8(b)(1)(A) and 8(b)(3) of the Act); *Chauffeurs, Teamsters & Helpers Loc. 776 Affiliated with Int'l Bhd. of Teamsters, Afl-Cio & Rite Aid Corp.*, 305 NLRB 832, 835 (1991) ("the Respondent has, in effect, sought to apply the collective-bargaining agreement to employees whom the Board has already determined to be outside of the parties' bargaining unit. In so doing, the Respondent has insisted and is insisting on bargaining for a change in the scope of the existing bargaining unit and, therefore, has engaged in and is engaging in unfair labor practices within the meaning of Section 8(b)(3) of the Act.").

That is because "[t]he law compels a party to submit his grievance to arbitration only if he has contracted to do so." *Litton Fin. Printing Div. v. N.L.R.B.,* 501 U.S. 190, ——, 111 S.Ct. 2215,

2222, 115 L.Ed.2d 177, 193 (1991). And "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).

Simply put, the Union did not allege facts establishing the employees for which it demands arbitration are, in fact, entitled to arbitration, nor that the relief sought is lawful in the first place. And because the Union cannot truthfully allege the same, amending the Complaint would be futile. M*artin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("futility" means the amended complaint would fail to state a claim upon which relief could be granted) (collecting cases).

Accordingly, the Hospital respectfully urges the Court to dismiss this action *with prejudice* and for any other legal or equitable relief to which the Hospital has shown itself entitled–including its attorneys' fees and costs incurred with responding to this frivolous action.

### III.    CONCLUSION

For the foregoing reasons, SEIU Texas has failed to state a claim upon which relief may be granted against Tenet Hospitals Limited d/b/a The Hospitals of Providence Sierra Campus. Accordingly, Tenet respectfully requests the Union's claims against it be dismissed *with prejudice* and for such other and further relief, at law and/or in equity, as the Court deems appropriate.

Respectfully submitted,

By: */s/ David R. Anderson*
David R. Anderson
Texas Bar No. 24128388
danderson@fordharrison.com
**FORDHARRISON LLP**
1601 Elm Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

Rachel Saady-Saxe
D.C. Bar No. 1738392
rsaxe@fordharrison.com
*\* Pro Hac Vice Admission Forthcoming*
**FORDHARRISON LLP**
2000 M Street, N.W., Suite 505
Washington, D.C. 20036
Telephone: (202) 719-2015
Facsimile: (202) 719-2077

**ATTORNEYS FOR DEFENDANT
TENET HOSPITALS LIMITED D/B/A THE
HOSPITALS OF PROVIDENCE SIERRA
CAMPUS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December, 2025, I caused a true and correct copy of the above and foregoing *Defendant's Rule 12(b)(6) Motion to Dismiss and Brief in Support Thereof* to be filed with the Clerk of Court, using the CM/ECF system that will send notification of such filing to all counsel of record:

Manuel Quinto-Pozos
DEATS DURST & OWEN PLLC
8140 N. Mopac Expy.
Suite 4-250
Austin, Texas 78759
mqp@ddollaw.com

*/s/ David R. Anderson*
David R. Anderson