IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SEIU TEXAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. EP-25-CV-400-KC |
| § | |
| TENET HEALTHCARE § | |
| CORPORATION, d/b/a THE § | |
| HOSPITALS OF PROVIDENCE, § | |
| § | |
| Defendant. § | |

## ORDER

On this day, the Court considered Plaintiff's Unopposed Motion for Leave to Amend Complaint, ECF No. 11, filed in response to Defendant's Motion to Dismiss, ECF No. 7. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the opposing party's written consent or with the Court's leave, and the Court should "should freely give leave when justice so requires." S*ee* Fed. R. Civ. P. 15(a)(2). Plaintiff argues the amended complaint would "clarify matters raised in the Defendant's motion" and that Defendant does not oppose the amendment. Mot. 1. Accordingly, Plaintiff's Motion is granted.

Next, the Court has discretion to deny a motion to dismiss as moot when an amended complaint supersedes the original complaint. *See, e.g.*, *Rodriguez v. Xerox Bus. Servs., LLC*, No. 3:16-cv-41-DB, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016) (collecting cases). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Stewart v. City of Hous. Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Here, the Amended Complaint does not adopt or incorporate by reference any part of the original pleading. It thus supersedes Plaintiff's

original Complaint, ECF No. 1.

Accordingly, Plaintiff's Motion, ECF No. 11, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, ECF No. 7, is **DENIED** as moot.

**SO ORDERED.**

SIGNED this 12th day of January, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE