**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SEIU TEXAS,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CASE 3:25-CV-00400/KC** |
| **TENET HEALTHCARE** | § | |
| **CORPORATION dba THE HOSPITALS** | § | |
| **OF PROVIDENCE,** | § | |
| *Defendant*. | § | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**
<u>**AND BRIEF IN SUPPORT THEREOF**</u>

Respectfully submitted,

By:    <u>*/s/ David R. Anderson*</u>
David R. Anderson
Texas Bar No. 24128388
danderson@fordharrison.com
**FORDHARRISON LLP**
1601 Elm Street, Suite 4000
Dallas, Texas 75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

*-and-*

Rachel Saady-Saxe
D.C. Bar No. 1738392
rsaxe@fordharrison.com
* *Pro Hac Vice Admission Forthcoming*
**FORDHARRISON LLP**
2000 M Street, N.W., Suite 505
Washington, D.C. 20036
Telephone:  (202) 719-2015
Facsimile:  (202) 719-2077

**ATTORNEYS FOR DEFENDANT**
**TENET HOSPITALS LIMITED D/B/A**
**THE HOSPITALS OF PROVIDENCE**
**SIERRA CAMPUS**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| SEIU TEXAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | **CASE 3:25-CV-00400/KC** |
| TENET HEALTHCARE | § | |
| CORPORATION dba THE HOSPITALS | § | |
| OF PROVIDENCE, | § | |
| *Defendant*. | § | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT THEREOF**

Defendant Tenet Hospitals Limited d/b/a The Hospitals of Providence Sierra Campus ("Tenet" or "Hospital")[1] hereby submits this Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss and Brief in Support Thereof ("Motion") requesting dismissal *with prejudice* of all claims and relief sought by Plaintiff SEIU Texas ("Union") in this action.

## I.    STATEMENT OF ISSUES

On January 12, 2026, the Court entered the Union's First Amended Complaint (Amended Complaint). [DKT. 15]. The Amended Complaint suffers from pleading deficiencies as the Union fails to allege that the persons identified in the grievance for which it demands arbitration, on the date the ratification bonus was to be paid, were working (1) at the address identified in the recognition clause, and (2) in a position covered by the recognition clause in the CBA.

The Union has not pled a claim upon which relief may be granted as it has failed to plead facts that it seeks arbitration on behalf of persons covered by the CBA. Accordingly, the Union's

---

[1] "Tenet Healthcare Corporation d/b/a The Hospitals of Providence" is not the appropriate defendant in this action. Tenet expressly agrees to substitution of the appropriate legal entity in this case: "Tenet Hospitals Limited d/b/a The Hospitals of Providence Sierra Campus."

demand for the same is little more than an unlawful attempt to expand the bargaining unit. Accordingly, Tenet respectfully asks the Court to deny the Union's demands and dismiss its claims *with prejudice*.

## II.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all well pleaded facts. *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 417 (5th Cir. 2010). To survive a motion to dismiss, the Union's Complaint "must provide the grounds for [its] entitlement to relief–including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Rosenblatt*, 607 F.3d at 417 (quotations omitted). In other words, the Union must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555 (2007). This, the Union has failed to do.

## III.    ARGUMENT AND AUTHORITIES

### A.    The Union Fails to Plead Facts Sufficient to Allege It Is Entitled to Relief

In the Amended Complaint, the Union demands that the Court compel the Hospital to arbitrate whether it owes bonus payments to certain unspecified individuals. The Amended Complaint, however, conspicuously omits allegations that the Union is seeking arbitration on behalf of persons who were employed at the facility address listed in the recognition clause and/or were employed in positions covered by the recognition clause.

The Union's failure to specifically make those allegations mandates dismissal because the Union has failed to assert predicate factual assertions which, if believed, would establish that the persons it seeks to represent in arbitration are members of the bargaining unit and therefore subject to the arbitration provision. Indeed, despite providing substantial procedural history purporting to: (1) explain how the parties arrived at the recognition clause and the alleged agreement to pay

certain employees a "ratification bonus" and (2) the procedural steps by which the Union sought

arbitration (DKT. 15, ¶¶ 5-21), the Union never makes the predicate assertions necessary to

establish it even has standing to bring the claims it has in this case. *But see Communications*

*Workers of America, AFL-CIO v. ADT Sec. Servs., Inc.*, 2022 U.S. Dist. LEXIS 207625 (E.D. La.

Nov. 16, 2022) (denying motion to dismiss because plaintiff expressly alleged that the employees

were "hired into the bargaining unit").

> At best, in paragraph 22, the Union asserts that:

> "[t]he employees covered by SEIU Texas' grievance and arbitration request are
> employees who, <u>during the parties' collective bargaining negotiations</u>, the
> Defendant included in its responses to SEIU Texas' requests for information, and
> whom the Defendant listed as working in job classifications included in the
> bargaining unit specified above, including but not limited to 'Histology Techno,'
> 'Monitor Tech' and 'Nursing Assistant.'"

(*Id*. at ¶ 22). The Union goes on to allege "[f]urthermore, at least one of these employees was a

member of SEIU Texas' bargaining committee (which was limited to employees in the bargaining

unit)". (*Id.*).

None of these allegations establish that the persons for whom the Union seeks arbitration

are entitled to use the arbitration provision under the CBA as a member of the bargaining unit

working at the address listed in the recognition clause in a position expressly included in the CBA

at the time the ratification bonus was paid. That the Union appears to carefully avoid such pleading

is telling. That is because the Union cannot credibly make those assertions. Were it otherwise, the

Union would have done so already.

Moreover, the Union's conclusory assertions in paragraph 22 do nothing to change the plain

reality that the Union has not pled facts sufficient to state a claim under Rule 12(b)(6). [DKT. 15,

¶ 22 ("[t]herefore, the parties' collective bargaining agreement (including the parties' ratification

bonus side letter and arbitration agreement) covers these employees.")]. Indeed, at the pleadings

stage, the Union cannot simply restate the ultimate legal issues to be decided in this case to avoid dismissal. *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quoting *Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021)) ("But we do not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'").

Put simply, the Amended Complaint does not allege <u>facts</u> entitling the Union to the relief it seeks in this case. As a result, the Court should dismiss this action for failure to state a claim.

**B. <u>The Union Seeks Unlawful Relief</u>**

The Amended Complaint should also be dismissed under Rule 12(b)(6) because it demands unlawful relief. It is a violation of Section 8(b)(1)(A) and 8(b)(3) of the National Labor Relations Act ("NLRA") for a union to seek arbitration for the purposes of enlarging an existing bargaining unit contained in a collective bargaining agreement. *Emery Worldwide, A.C.F. Co. v. N.L.R.B.*, 966 F.2d 1003, 1007 (5th Cir. 1992) ("[T]he Union's use of the arbitration process [to merge/expand bargaining units] constitute[d] an illegal objective and thus violate[d] Sections 8(b)(1)(A) and 8(b)(3) of the Act); *Chauffeurs, Teamsters & Helpers Loc. 776 Affiliated with Int'l Bhd. of Teamsters, Afl-Cio & Rite Aid Corp.*, 305 NLRB 832, 835 (1991) ("the Respondent has, in effect, sought to apply the collective-bargaining agreement to employees whom the Board has already determined to be outside of the parties' bargaining unit. In so doing, the Respondent has insisted and is insisting on bargaining for a change in the scope of the existing bargaining unit and, therefore, has engaged in and is engaging in unfair labor practices within the meaning of Section 8(b)(3) of the Act.").

That is because "[t]he law compels a party to submit his grievance to arbitration only if he has contracted to do so." *Litton Fin. Printing Div. v. N.L.R.B.,* 501 U.S. 190, ——, 111 S.Ct. 2215, 2222, 115 L.Ed.2d 177, 193 (1991). And "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).

The Union attempts to compel arbitration on behalf of employees it cannot–and does not – allege were covered by the CBA's recognition clause. [DKT. 15]. By seeking to compel arbitration, the Union seeks, in effect, to unlawfully merge these unidentified employees expressly omitted from the recognition clause into the bargaining unit. Doing so, the Union seeks an unlawful remedy to which it is not entitled.

As explained above, the Hospital does not believe the Union can credibly (or truthfully) allege the persons for whom it seeks arbitration were working at the Hospital's facility and/or in a position covered by the recognition clause at the time of ratification. As such, a second amended complaint would be futile in this case. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (the Court acts within its discretion when dismissing a motion to amend that is frivolous or futile); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("futility" means the amended complaint would fail to state a claim upon which relief could be granted) (collecting cases).

## VI.    CONCLUSION

For the foregoing reasons, SEIU Texas has failed to state a claim upon which relief may be granted against Tenet Hospitals Limited d/b/a The Hospitals of Providence Sierra Campus. Accordingly, Tenet respectfully requests the Union's claims against it be dismissed *with prejudice* and for such other and further relief, at law and/or in equity, as the Court deems appropriate.

Respectfully submitted,


By:    */s/ David R. Anderson*
       David R. Anderson
       Texas Bar No. 24128388
       danderson@fordharrison.com
       **FORDHARRISON LLP**
       1601 Elm Street, Suite 4000
       Dallas, Texas 75201
       Telephone:  (214) 256-4700
       Facsimile:  (214) 256-4701

       *-and-*

       Rachel Saady-Saxe
       D.C. Bar No. 1738392
       rsaxe@fordharrison.com
       * *Pro Hac Vice Admission Forthcoming*
       **FORDHARRISON LLP**
       2000 M Street, N.W., Suite 505
       Washington, D.C. 20036
       Telephone:  (202) 719-2015
       Facsimile:  (202) 719-2077

**ATTORNEYS FOR DEFENDANT
TENET HOSPITALS LIMITED D/B/A
THE HOSPITALS OF PROVIDENCE
SIERRA CAMPUS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2026, I caused a true and correct copy of the above and foregoing ***Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support Thereof*** to be filed with the Clerk of Court, using the CM/ECF system that will send notification of such filing to all counsel of record:

Manuel Quinto-Pozos
DEATS DURST & OWEN PLLC
8140 N. Mopac Expy.
Suite 4-250
Austin, Texas 78759
mqp@ddollaw.com

*/s/ David R. Anderson*
David R. Anderson