IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SEIU TEXAS,     *Plaintiff*, | § § § |
| v. | § § |
| TENET HEALTHCARE CORPORATION dba THE HOSPITALS OF PROVIDENCE,     *Defendant*. | § § § § § | CASE 3:25-CV-00400-KC

**JOINT STATUS REPORT**

Pursuant to Federal Rule of Civil Procedure Rule 16(b), 26(f), and Local Rule 16, a conference was held on January 28, 2026. The participants were: Manuel Quinto-Pozos for Plaintiff, SEIU Texas ("Union") and David R. Anderson and Rachel Saady-Saxe for Defendant, Tenet Hospitals Limited d/b/a The Hospitals of Providence Sierra Campus ("Tenet" or "Hospital").

**I.     CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     JURISDICTION**

    **A.     Subject Matter Jurisdiction**

The Court possesses subject matter jurisdiction pursuant to 28 U.S. Code §1331 and 1337.

    **B.     Personal Jurisdiction**

Personal jurisdiction is not contested.

## III.     BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff

Plaintiff, a labor organization, asserts that it represents some of Defendant's employees. Plaintiff further alleges that these employees are covered by a Collective Bargaining Agreement ("CBA") and that there is a dispute between the Plaintiff and Defendant regarding a bonus to be paid to employees pursuant to the CBA. The Plaintiff further alleges that the dispute is subject to the CBA's dispute resolution process, which culminates in arbitration, and that the Defendant has refused to arbitrate these disputes. The Plaintiff seeks an order compelling Defendant to submit the disputes to arbitration.

### B. Defenses and Claims of Defendant

In response to the Union's Amended Complaint, the Hospital asserts the following defenses:

- The Union's claims are barred in whole or in part because none of the individuals identified by the Union are entitled to arbitration under the CBA.

- The Union's claims are barred in whole or in part to the extent the Union has agreed to arbitrate the underlying claims at issue in alternative forums.

- The Union failed to comply with terms of the CBA and is therefore barred from asserting any cause of action against the Hospital, and/or its claimed damages must be offset by damages caused by the Union's own failure to comply with the CBA.

- The Union's claims are barred, in whole or in part, by the applicable statutes of limitations and/or applicable contractual period of limitations.

- The Union's claims are barred, in whole or in part, by its own actions, inactions, commissions, and/or omissions and/or principles of waiver, estoppel or laches, and unclean hands.

- The Union's Amended Complaint fails to state a claim upon which relief may be granted.

- The relief the Union seeks is unlawful.

The Hospital reserves the right to amend the pleadings and assert counterclaims in accordance with the Federal Rules of Civil Procedure and this Court's orders if discovery reveals sufficient grounds to do so.

### C. Defenses and Claims of Third-Party Defendant(s)

Not applicable.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The Parties state that the following material facts are undisputed.

The Union is a labor organization and represents employees in an industry affecting commerce. The Hospital is a corporation engaged in providing healthcare services in the city and counties of El Paso, Texas.

On or about November 14, 2022, the Union filed petitions with the National Labor Relations Board ("NLRB") requesting the NLRB hold an election among certain of the Hospital's employees to determine whether they wished to be represented by the Union.

In July 2023, the NLRB certified the Union as the official bargaining representative for a unit of employees previously identified by the Union and Hospital. Following the NLRB's certification of SEIU Texas, the parties engaged in negotiations from October 2023 through November 14, 2024, for their first CBA.

During the negotiations, the parties exchanged proposals and counter proposals on the recognition article for the CBA–*i.e.*, the language contained in the CBA formally identifying those positions that comprise the bargaining unit and, as a result, are entitled to the rights and privileges contained in the CBA.

Following negotiations, the parties entered into a CBA, which contained the agreed upon recognition article specifying the job classifications covered by the Agreement. During negotiations, the Hospital agreed to award all eligible bargaining unit employees (identified in the recognition article of the CBA) a "ratification bonus" upon the Union's acceptance of the terms set forth in the CBA to become payable during the pay period beginning December 1, 2024. The Union ratified the CBA on November 21, 2024.

On January 17, 2025, the Union filed a grievance alleging the Hospital failed or refused to pay certain bargaining unit employees their respective ratification bonus. The CBA includes a grievance procedure which provides for full and binding arbitration of disputes, applicable only to those employees covered by the CBA.

In February 2025, the Union demanded the Hospital arbitrate the grievance. The Hospital refused, explaining its position that the Union was attempting to unlawfully expand the bargaining unit. The Union then filed the above-captioned action.

V.   **CASE MANAGEMENT PLAN**

   A.  **Standing Order on Pretrial Deadlines**

The parties do not request modification of the deadlines in the Standing Order on Pretrial Deadlines.

   B.  **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

   C.  **Early Settlement Conference**

The parties certify that they have discussed and explored the potential of early settlement in this case and concluded that settlement is unlikely at this time.

**D. Joinder of Parties and Amendment of Pleadings**

Plaintiff should be allowed until February 27, 2026, to file a motion to join additional parties or motions to amend the pleadings. Defendant should be allowed until February 27, 2026, to file motion to join additional parties and until 30 days after the filing of any amended complaint to file a response to the same.

**E. Discovery**

1. The parties anticipate that discovery will be needed on the following subjects:

    The employees covered by the ratification clause in the CBA;

    The grievants the Union claims are entitled to a ratification bonus;

    The negotiations of the recognition clause contained in the CBA;

2. All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced by January 29, 2026, and completed (not propounded) by July 28, 2026.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by July 28, 2026.

5. The parties anticipate that Plaintiff will require a total of 10 depositions of fact witnesses and that Defendant will require a total of 10 depositions of fact witnesses. The depositions will commence by January 29, 2026, and be completed by July 28, 2026.

6. The parties will not request permission to serve more than 25 interrogatories.

7. Plaintiff does not intend to call expert witnesses at trial. Should Plaintiff call expert witnesses, Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by April 6, 2026. Depositions of any such experts will be completed by July 28, 2026.

8. Defendant does not intend to call expert witnesses at trial. Should Defendant call expert witnesses, Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by June 26, 2026. Depositions of such experts will be completed by July 28, 2026.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 11, 2026.

### F. Dispositive Motions:

Dispositive motions will be filed on or before September 16, 2026.

## VI. TRIAL READINESS

The case will be ready for trial by February 22, 2027.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and efficient determination of this action.

Plaintiff(s)

By *s/ David R. Anderson*          Date: February 4, 2026

Defendant(s)

By */s/ Manuel Quinto-Pozos*          Date: February 4, 2026

Respectfully submitted,

By: */s/ David R. Anderson*
David R. Anderson
Texas Bar No. 24128388
danderson@fordharrison.com
**FORDHARRISON LLP**
1601 Elm Street, Suite 4000
Dallas, Texas 75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

Rachel Saady-Saxe
D.C. Bar No. 1738392
rsaxe@fordharrison.com
\* *Pro Hac Vice Admission*
**FORDHARRISON LLP**
2000 M Street, N.W., Suite 505
Washington, D.C. 20036
Telephone: (202) 719-2015
Facsimile: (202) 719-2077

*ATTORNEYS FOR DEFENDANT*
*TENET HOSPITALS LIMITED D/B/A THE*
*HOSPITALS OF PROVIDENCE SIERRA CAMPUS*


By:*/s/ Manuel Quinto-Pozos*
Manuel Quinto-Pozos
Texas Bar No. 24070459
DEATS DURST & OWEN PLLC
2901 Bee Caves Road
Suite L
Austin, Texas 78746
512-474-6200
512-474-7896 (fax)
mqp@ddollaw.com

*ATTORNEY FOR PLAINTIFF*
*SEIU TEXAS*

**CERTIFICATE OF SERVICE**

The parties hereby certify that on this 4th day of February, 2026, we caused a true and correct copy of the above and foregoing *Joint Status Report* to be filed with the Clerk of Court, using the CM/ECF system that will send notification of such filing to all counsel of record.

>/s/ David R. Anderson
>David R. Anderson